UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Miri Monique Mozuch-Stafford,                    File No. _____

                Plaintiff,

v.                                               **COMPLAINT AND**
                                                 **JURY DEMAND**
Ramsey County,
Thomas Kunkel, in Individual and Official Capacities,
Lauren Arnevik, in Individual and Official Capacities,
Olivia Rezac, in Individual and Official Capacities,
Domonik Stanton, in Individual and Official Capacities,
Melissa Hildebrandt, in Individual and Official Capacities,
Mohamud Salad, in Individual and Official Capacities,
Michele Van Vranken, in Individual and Official Capacities,

                Defendants.

_____

      For her Complaint against Defendants, Plaintiff Miri Monique Mozuch-Stafford ("Ms. Mozuch-Stafford" herein) states and alleges as follows:

**Introduction**

      1.    This action arises out of catastrophic injuries Ms. Mozuch-Stafford sustained at the Ramsey County Jail on February 8, 2021, as a result of Defendants' unconstitutional use of force against her while she was handcuffed behind her back, and Defendants' subsequent unconstitutional denial of emergency medical treatment for approximately seventeen hours, during which time Ms. Mozuch-Stafford languished in agony with a broken leg, severed artery, and rapidly worsening compartment syndrome and ischemia. For a significant portion of this time, Ms. Mozuch-Stafford remained in handcuffs and leg restraints.

2.      Pursuant to federal and state law, Ms. Mozuch-Stafford is entitled to recover her damages and to obtain such other relief as will redress Defendants' unconstitutional and tortious conduct.

**Parties**

3.      Ms. Mozuch-Stafford is a resident of Minnesota. At all times relevant herein, Ms. Mozuch-Stafford was a pretrial detainee at the Ramsey County Jail.

4.      Defendant Ramsey County is a municipality located in Minnesota. At all times relevant herein, Defendant Ramsey County acted through its employees and agents acting within the course and scope of their employment and under color of law.

5.      Defendants Thomas Kunkel, Lauren Arnevik, Olivia Rezac, Domonik Stanton, Melissa Hildebrandt, and Mohamud Salad were correctional officers employed by Ramsey County at all times relevant herein, and are sued in their individual and official capacities. At all times relevant herein, such Defendants were acting under color of law and within the scope and course of their employment with Defendant Ramsey County.

6.      Defendant Michele Van Vranken was a medical doctor licensed in Minnesota and employed by Ramsey County to provide medical care to jail detainees at all times relevant herein. Defendant Van Vranken is sued in her individual and official capacities. At all times relevant herein, Defendant Van Vranken was acting under color of law and within the scope and course of her employment with Defendant Ramsey County.

**Jurisdiction and Venue**

7.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2

8.     Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b).

**Facts**

9.     During the early morning hours of February 8, 2021, Ms. Mozuch-Stafford was arrested without incident by law enforcement officers with the Saint Paul Police Department (SPPD) at a local hotel, where Ms. Mozuch-Stafford had attempted to obtain shelter for the night and allegedly engaged in disorderly conduct.

10.     Following her arrest, Ms. Mozuch-Stafford was brought to the Ramsey County Jail and was initially placed in a holding cell by SPPD officers, again without incident. She was subsequently transferred to the custody of Ramsey County via a sally port at the jail. Ms. Mozuch-Stafford was handcuffed and compliant during this time.

11.     Booking records from the Ramsey County Jail indicate Ms. Mozuch-Stafford was cooperative, was not ill or injured, did not report and/or display any immediate medical concerns, and walked with a normal gait at the time of her admission and booking at the jail.

12.     Ramsey County Jail officers walked Ms. Mozuch-Stafford to another holding cell without incident, during which time Ms. Mozuch-Stafford was handcuffed behind her back and compliant.

13.     Upon entering the holding cell with multiple Ramsey County Jail officers in tow, one officer made a verbal comment or command, apparently to Ms. Mozuch-Stafford. Ms. Mozuch-Stafford began to engage the officer verbally. During this verbal exchange, and without allowing Ms. Mozuch-Stafford time to comprehend and comply with the officer's comment or command, Defendants Thomas Kunkel, Lauren Arnevik, Olivia

Rezac, and Domonik Stanton proceeded to execute a disorganized and unreasonable takedown maneuver of Ms. Mozuch-Stafford, in which Ms. Mozuch-Stafford was pulled and pushed in different directions and punched in the face by these Defendants, all while Ms. Mozuch-Stafford was handcuffed behind her back, compliant, and not actively or passively resisting:







14.     The takedown occurred at approximately 3:55 a.m. The takedown, as well as other relevant events alleged herein both prior and subsequent to the takedown, were captured on jail security cameras and the body worn cameras of multiple officers.

15.     The takedown was objectively unreasonable under the Fourteenth Amendment and clearly established law.

16.     The takedown severely injured Ms. Mozuch-Stafford's left leg. Ms. Mozuch-Stafford immediately began screaming in pain on the ground and yelled that she could not move her leg. As a result of the takedown, Ms. Mozuch-Stafford sustained a comminuted, varus-hyperextension patterned, fracture of her left proximal tibia, and a severed left popliteal artery. These initial acute injuries constituted an objectively serious medical condition and required immediate emergency medical treatment.

17.     Despite her obvious excruciating pain, Defendants Thomas Kunkel, Lauren Arnevik, Olivia Rezac, and/or Domonik Stanton proceeded to manipulate and twist Ms. Mozuch-Stafford's legs and ultimately put them in shackles. During this process, one officer commented that Ms. Mozuch-Stafford's leg "wasn't going anywhere" because of the injuries.

CASE 0:22-cv-02250-PAM-ECW   Doc. 1   Filed 09/15/22   Page 6 of 21

18.     At this point in time, all officers present, including Thomas Kunkel, Lauren Arnevik, Olivia Rezac, and Domonik Stanton, knew Ms. Mozuch-Stafford was in severe pain and could not move her leg, and knew she required immediate medical treatment for an objectively serious medical condition. Such Defendants knew they could have and should have requested immediate medical assistance, but nonetheless failed to do so.

19.     Once Ms. Mozuch-Stafford's legs were shackled, officers proceeded to exit the cell while Ms. Mozuch-Stafford remained face-down on the ground, fully shackled, and suffering severely.

20.     At approximately 4:12 a.m., an employee of Ramsey County whose identity is currently unknown entered the cell, looked at Ms. Mozuch-Stafford's legs momentarily, and then exited the cell. A note in Ms. Mozuch-Stafford's inmate observation log states "evaluated by the nurse for foot pain" at noted time of "0415". However, there is no corresponding documentation in Ms. Mozuch-Stafford's medical log detailing the encounter. Upon information and belief, this individual knew Ms. Mozuch-Stafford was in severe pain and could not move or bear weight with her injured leg. Upon information and belief, this individual did not request any medical treatment for her.

21.     At approximately 4:17 a.m., Defendants Melissa Hildebrandt and Domonik Stanton entered Ms. Mozuch-Stafford's cell and dragged her across the floor to the concrete bench along the wall:



22.     At that time, Ms. Mozuch-Stafford's leg was obviously injured severely. She could not bear weight or move the leg, and she yelled in pain during the transfer. Defendants Melissa Hildebrandt and Domonik Stanton observed all of this and knew Ms. Mozuch-Stafford required immediate medical treatment for an objectively serious medical condition, but they did not take steps to secure the provision of such medical treatment.

23.     For the next hour, Ms. Mozuch-Stafford writhed in pain, hands cuffed behind her back and legs shackled, with a severely fractured leg:





24.     At approximately 5:15 a.m., Defendants Thomas Kunkel and Domonik Stanton entered the cell and removed the handcuffs and leg shackles. At this point in time, Defendants Thomas Kunkel and Domonik Stanton knew Ms. Mozuch-Stafford was in severe pain, could not bear weight or move the leg, and knew she required immediate medical treatment for an objectively serious medical condition, but they did not take steps to secure the provision of such medical treatment.

25.     Following Ms. Mozuch-Stafford's initial injury, there was no legitimate law enforcement or security rationale for the use of restraints. Such use violated written jail policy, and constituted an objectively unreasonable use of force in violation of Ms. Mozuch-Stafford's Fourteenth Amendment rights.

26.     After the restraints were removed, Ms. Mozuch-Stafford moved about the cell by crawling, and attempted unsuccessfully on multiple occasions over the next seven hours to pull herself up to the sink in the cell to drink water, including at approximately 5:52 a.m., 7:43 a.m., 8:08 a.m., 9:11 a.m., and 10:27 a.m.:











27.     At approximately 12:02 p.m., Defendant Michele Van Vranken entered Ms. Mozuch-Stafford's cell for an examination. Defendant Van Vranken pulled Ms. Mozuch-Stafford's pantlegs up above her knees and observed the left knee area was dangerously swollen. Such swelling was indicative of severe compartment syndrome.

28.     A medical note authored by Defendant Van Vranken indicated the left knee and/or left lower extremity was swollen to 19 inches versus 14-15 inches on the right, and Ms. Mozuch-Stafford was experiencing severe pain. The note also indicated "really unable to do any other exam suspect release today as well" and "if released instructed to go to ER + will give crutches" and "if not released xray today + MRI for F/u". Defendant Van Vranken knew at the time of examination that Ms. Mozuch-Stafford was experiencing a serious medical emergency and required immediate emergency department treatment.

10

29.     Rather than providing Ms. Mozuch-Stafford emergency medical treatment after the examination, which would have entailed transporting Ms. Mozuch-Stafford approximately four city blocks to Regions Hospital in Saint Paul, Defendants and/or other jail personnel placed her in a wheelchair and rolled her back into her cell:



30.     Ms. Mozuch-Stafford was left to suffer alone in her cell until approximately 9:30 p.m., at which time her transport to Regions Hospital was finally ordered. The willful delays in treatment caused Ms. Mozuch-Stafford to sustain new injuries and aggravated her initial injuries.

31.     The delays in treatment were the result of the Defendants' deliberate indifference to Ms. Mozuch-Stafford's serious medical condition, and violated Ms. Mozuch-Stafford's right to medical treatment under the Fourteenth Amendment.

32.     Ms. Mozuch-Stafford underwent multiple invasive orthopedic, vascular, and skin graft surgeries at Regions Hospital to relieve her severe compartment syndrome and ischemic injuries, and to repair the bones and artery tissue in her left leg. Her surgeons were able to save her leg, but it is severely and permanently disfigured:



33.     Further, Ms. Mozuch-Stafford's left knee and leg suffer from serious and permanent weakness, instability, and loss of mobility and range of motion.

34.     Ms. Mozuch-Stafford was admitted to Regions Hospital for approximately one month, and her medical expenses for such treatment exceed $360,000.00.

35.     Ms. Mozuch-Stafford has and will undergo additional medical treatment for her injuries, and other past and future medical expenses are to be determined.

36.     Ms. Mozuch-Stafford is a nursing assistant by training and past experience. Because of her injuries and corresponding disabilities, she will be partially or totally unable to perform such work or similar work, and therefore has sustained a loss of earning capacity in an amount to be determined.

37.     Ms. Mozuch-Stafford sustained multiple serious and permanent surgical scars as a result of her injuries. She also sustained a catastrophic disfigurement to her lower leg as a result of her injuries and the denial and delay in treatment.

38.     Ms. Mozuch-Stafford has sustained general damages as a result of her injuries, including pain and suffering, emotional distress, disability, loss of enjoyment of life, and disfigurement, in amounts to be proven at trial and reasonably believed to exceed $10,000,000.00.

39.     Ms. Mozuch-Stafford's injuries and damages are the result of Defendants' unconstitutional and tortious conduct as alleged herein, and she therefore brings the following claims for relief.

**COUNT I**
**Excessive Force in Violation of Plaintiff's Fourteenth Amendment Rights –**
**Defendants Kunkel, Arnevik, Rezac, and Stanton**

40.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

41.     The takedown of Ms. Mozuch-Stafford alleged herein constituted a use of force deployed purposefully and knowingly by Defendants Thomas Kunkel, Lauren Arnevik, Olivia Rezac, and Domonik Stanton, each acting under color of law.

42.     The takedown was objectively unreasonable and in violation of Ms. Mozuch-Stafford's Fourteenth Amendment rights.

43.     The takedown caused Ms. Mozuch-Stafford to sustain the injuries and damages alleged herein.

44.     The takedown was deliberate, reckless, and malicious.

45.     Ms. Mozuch-Stafford is therefore entitled to a money judgment against these Defendants pursuant to 42 U.S.C. § 1983 for her compensatory damages and for punitive damages in amounts to be proven at trial.

**COUNT II**
**Excessive Force in Violation of Plaintiff's Fourteenth Amendment Rights –**
**Defendants Kunkel, Arnevik, Rezac, Stanton, and Hildebrandt**

46.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

47.     The use of restraints on Ms. Mozuch-Stafford following the takedown constituted a use of force deployed purposefully and knowingly by Defendants Thomas Kunkel, Lauren Arnevik, Olivia Rezac, Domonik Stanton, and Melissa Hildebrandt, each acting under color of law.

48.     The use of restraints was objectively unreasonable and in violation of Ms. Mozuch-Stafford's Fourteenth Amendment rights.

49.     The use of restraints caused Ms. Mozuch-Stafford to sustain certain of the injuries and damages alleged herein.

50.     The use of restraints was deliberate, reckless, and malicious.

51.     Ms. Mozuch-Stafford is therefore entitled to a money judgment against these Defendants pursuant to 42 U.S.C. § 1983 for her compensatory damages and for punitive damages in amounts to be proven at trial.

14

**COUNT III**
**Failure to Intervene to Prevent Excessive Force in Violation of Plaintiff's**
**Fourteenth Amendment Rights – All Defendants**

52.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

53.     At the time of the use of restraints on Ms. Mozuch-Stafford, Defendant Mohamud Salad was, upon information and belief, the acting Sergeant at the Ramsey County Jail.

54.     Upon information and belief, Defendant Salad had the authority and responsibility to supervise the use of force by officers under his command. On the date of the incident alleged herein, the other named Defendants were under Defendant Salad's command.

55.     Defendant Salad either observed or had reason to know of the restraints applied to Ms. Mozuch-Stafford. Defendant Salad also knew of or had reason to know that Ms. Mozuch-Stafford was severely injured, and that there was no reasonable basis for the continued use of any restraints on her.

56.     Defendant Salad had the opportunity and means to prevent or stop the use of such restraints, and, acting under color of law, failed to do so.

57.     Upon information and belief, Defendants Thomas Kunkel, Lauren Arnevik, Olivia Rezac, Domonik Stanton, Melissa Hildebrandt, and Michele Van Vranken, had the authority and responsibility to intervene and stop the use of unreasonable force by officers on detainees in the custody and care of the Ramsey County Jail.

58.     The aforementioned Defendants either observed or had reason to know of the restraints applied to Ms. Mozuch-Stafford, knew of or had reason to know that Ms.

Mozuch-Stafford was severely injured, and knew or had reason to know there was no reasonable basis for the continued use of any restraints on her.

59.     The aforementioned Defendants had the opportunity and means to prevent or stop the use of such restraints, and, acting under color of law, failed to do so.

60.     The use of restraints was objectively unreasonable and in violation of Ms. Mozuch-Stafford's Fourteenth Amendment rights.

61.     The use of restraints caused Ms. Mozuch-Stafford to sustain certain of the injuries and damages alleged herein.

62.     Defendants' failures to intervene were deliberate, reckless, and malicious, and in violation of Ms. Mozuch-Stafford's Fourteenth Amendment rights.

63.     Ms. Mozuch-Stafford is therefore entitled to a money judgment against all Defendants pursuant to 42 U.S.C. § 1983 for her compensatory damages and for punitive damages in amounts to be proven at trial.

**COUNT IV**
**Deliberate Denial of Medical Treatment in Violation of Plaintiff's Fourteenth Amendment Rights – All Defendants**

64.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

65.     During the approximately seventeen hours between the time of the takedown alleged herein and Ms. Mozuch-Stafford's transport to Regions Hospital, she suffered an objectively serious medical condition that required immediate emergency treatment.

66.     All Defendants, as alleged in detail herein, knew Ms. Mozuch-Stafford suffered an objectively serious medical condition that required emergency treatment.

67.     Despite such knowledge, all Defendants knowingly and deliberately, and under color of law, failed to take steps to secure immediate emergency medical treatment for Ms. Mozuch-Stafford.

68.     Such failures caused an approximately seventeen-hour delay in medical treatment, during which time Ms. Mozuch-Stafford's condition worsened.

69.     Such delay in treatment caused Ms. Mozuch-Stafford's injuries to become worse than they would have been had prompt emergency department treatment been provided to her, and caused her to sustain new injuries. Such delay in treatment also caused Ms. Mozuch-Stafford to endure approximately seventeen hours of unnecessary pain, suffering, and emotional distress.

70.     Defendants' denials of medical treatment to Ms. Mozuch-Stafford were deliberate, reckless, and malicious, and in violation of Ms. Mozuch-Stafford's Fourteenth Amendment rights.

71.     Ms. Mozuch-Stafford is therefore entitled to a money judgment against all Defendants pursuant to 42 U.S.C. § 1983 for her compensatory damages and for punitive damages in amounts to be proven at trial.

## COUNT V
### *Monell* Liability – Defendant Ramsey County

72.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

73.     Upon information and belief, on and before February 8, 2021, Defendant Ramsey County, with deliberate indifference to the rights of citizens, maintained and permitted a custom, pattern, and/or practice – by and through its agents and employees acting under color of law – of using significant and unreasonable force, including

takedown maneuvers, on restrained and non-resisting detainees, in violation of the Fourteenth Amendment rights of such detainees.

74.     Upon information and belief, on and before February 8, 2021, Defendant Ramsey County, with deliberate indifference to the rights of citizens, maintained and permitted a custom, pattern, and/or practice – by and through its agents and employees acting under color of law – of restraining detainees beyond what is reasonable in duration, nature, and extent, in violation of the Fourteenth Amendment rights of such detainees.

75.     Upon information and belief, on and before February 8, 2021, Defendant Ramsey County, with deliberate indifference to the rights of citizens, maintained and permitted a custom, pattern, and/or practice – by and through its agents and employees acting under color of law – of withholding necessary emergency and other medical treatment to detainees, including detainees that are expected to soon leave the custody of Ramsey County, in violation of the Fourteenth Amendment rights of such detainees.

76.     As a direct and proximate result of such customs, patterns, and/or practices, Ms. Mozuch-Stafford sustained injuries and damages as alleged herein.

77.     Ms. Mozuch-Stafford is therefore entitled to a money judgment against Defendant Ramsey County pursuant to 42 U.S.C. § 1983 and *Monell v. Dept. of Social Services* for her compensatory damages and for punitive damages in amounts to be proven at trial.

**COUNT VI**
**Medical Malpractice – Defendants Van Vranken and Ramsey County**

78.     Plaintiff incorporates the foregoing paragraph as if set forth fully herein.

79.     On the date of the incident, Defendant Michele Van Vranken was a medical doctor licensed to practice in Minnesota and employed as a jail doctor by Ramsey County.

Her examination of Ms. Mozuch-Stafford, as alleged herein, occurred within the scope and course of her employment for Ramsey County.

80.     At the time of the examination, Defendant Van Vranken owed a duty to Ms. Mozuch-Stafford to provide treatment consistent with the standard of care applicable to her as a medical doctor.

81.     Such standard of care included requirements to properly assess, treat, and refer for further treatment, detainees such as Ms. Mozuch-Stafford.

82.     With respect to the examination of Ms. Mozuch-Stafford in particular, and based on the findings and observations at the examination, such standard of care required Defendant Van Vranken to immediately refer Ms. Mozuch-Stafford to an emergency department facility for treatment of a suspected acute fracture with compartment syndrome.

83.     Defendant Van Vranken breached such standard of care by failing to immediately refer Ms. Mozuch-Stafford for treatment at an emergency department.

84.     Such breach caused a delay in treatment of more than nine hours, during which time Ms. Mozuch-Stafford's condition worsened.

85.     Such delay in treatment caused Ms. Mozuch-Stafford's injuries to become worse than they would have been had prompt emergency department treatment been provided to her. Such delay in treatment also caused Ms. Mozuch-Stafford to endure more than nine hours of unnecessary pain, suffering, and emotional distress.

86.     Ms. Mozuch-Stafford is therefore entitled to a money judgment against Defendant Van Vranken for her compensatory damages in an amount to be proven at trial.

87.     At all relevant times, Defendant Van Vranken was working within the scope and course of her employment for Defendant Ramsey County. Defendant Ramsey County is therefore vicariously liable to Ms. Mozuch-Stafford under this Count on a respondeat superior basis.

## Jury Demand

88.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all counts herein and on any other counts which may hereafter be alleged.

## Prayer for Relief

WHEREFORE, Plaintiff Miri Monique Mozuch-Stafford respectfully requests the Court grant the following relief:

1.     Findings that Defendants violated Ms. Mozuch-Stafford's Fourteenth Amendment rights and are liable to her, jointly and severally, for damages and other monetary relief as alleged herein, pursuant to 42 U.S.C. § 1983;

2.     Findings that Defendants Michele Van Vranken and Ramsey County are liable to Ms. Mozuch-Stafford for medical malpractice, and are liable to Ms. Mozuch-Stafford, jointly and severally, for damages and other monetary relief as alleged herein;

3.     An award and judgment for compensatory damages against Defendants, jointly and severally, in an amount to be determined at trial and reasonably believed to exceed $10,360,000.00;

4.     An award and judgment for punitive damages pursuant to federal law against Defendants, jointly and severally, in an amount to be determined at trial and reasonably believed to exceed $10,000,000.00;

5.     Leave to amend the Complaint to allege punitive damages pursuant to state law;

6.     Leave to amend the Complaint to add such additional defendants, allegations, and counts as the parties' disclosures and discovery may warrant;

7.     An award to Ms. Mozuch-Stafford for attorney fees pursuant to 42 U.S.C. § 1988;

8.     An award to Ms. Mozuch-Stafford for the costs and expenses incurred in bringing this action, and for pre-judgment and post-judgment interest; and

9.     Any further and additional relief the Court deems just and equitable.


Respectfully Submitted,

MESHBESHER & ASSOCIATES, P.A.


Dated:  9/15/2022                              s/ Richard E. Student
                                          Steven J. Meshbesher (# 127413)
                                          Richard E. Student (#390266)
                                          9800 Shelard Parkway, #310
                                          Minneapolis, MN 55441
                                          Phone: (612) 332-2000
                                          *Attorneys for Plaintiff*